119 F.3d 5
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
HALLCO MANUFACTURING CO., INC., an Oregon corporation,
Plaintiff-Appellant,
v.
HMC SALES, INC., a North Carolina corporation, Defendant-Appellee,
v.
Manfred Quaeck; Jane Doe Quaeck; Roach Incorporated;
Western Services, Inc.; Robert M. Snellman;
Barbara Snellman,
Defendants-third-party-plaintiffs-Appellees,
v.
Olof A. Hallstrom; Steven A. Hallstrom; Daniel C.
Hallstrom, Oregon residents,
Third-party-defendants-Appellants.
 No. 96-35906.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 9, 1997
July 22, 1997.
 
 Appeal from the United States District Court for the District of Oregon, No. CV-94-00792-OMP; Owen M. Panner, District Judge, Presiding.
 Before: GOODWIN, REINHARDT, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Hallco Manufacturing Company and its owners, third-party defendants Olof, Steven, and Daniel Hallstrom (collectively, Hallco), appeal from partial summary judgment in favor of Robert Snellman, Manfred Quaeck, Roach, Inc., and Western Services, Inc., on each of Hallco's claims (except for the claim alleging tortious interference with business relations), counterclaims and third-party claims (except counterclaims and third-party claims four and five, on which no motion for summary judgment was made) against Hallco and the Hallstroms. We have jurisdiction, 28 U.S.C. § 1291, and affirm.[1]
 
 
 3
 * Hallco contends that the release was fraudulently induced because Snellman failed to disclose his affiliations with Quaeck, Roach, HMC, and Western Services. However, the release fully releases all claims, including those unknown and undisclosed, and thus precludes Hallco's claim of fraud in the inducement. See Lindgren v. Berg, 307 Or. 659, 663-64, 772 P.2d 1336, 1338-39 (1989). To have this effect, the release does not have to state in terms that it releases claims for "fraud in the inducement of the release"; the language of Hallco's release is sufficiently broad to cover it. In any event, there is no evidence of fraud in the inducement of the release that is different from the preexisting fraud that Hallco also alleges. Nor does it advance the ballgame to wrap the same argument in different clothes, as Hallco does by asserting that Snellman breached a fiduciary duty to make full disclosure. However cast, these claims are all released.
 
 II
 
 4
 Hallco's contention that the release does not bar claims against Roach or Quaeck is more persuasive, but also fails. As it argues, there is a triable issue of fact about Snellman's owning a majority interest in Roach or HMC by November 1992. But paragraph 3 extends the release to "related or affiliated persons or entities and their respective ... agents, representatives [and] employees." Hallco submits that the phrase "related or affiliated persons or entities" in paragraph 3 relates back to the phrase in paragraph 1 that refers to "any corporation in which Snellman currently holds a majority ownership interest." While some of the language in paragraph 3 (and paragraph 4) releasing "each other and their predecessors, assigns or related or affiliated persons or entities and their respective officers, directors, shareholders, agents, representatives, employees, and attorneys" does not fit an individual (like Snellman) who cannot, after all, have officers, directors or shareholders, other language can sensibly be read to release persons or entities that are related or affiliated with Snellman (together with their employees) or are his "agents, representatives, [and] employees." Had the parties intended to limit the entities released in paragraphs 3 and 4 to any corporation in which Snellman held a majority ownership interest, as paragraph 1 provides, they could easily have done so. However, the language in paragraph 3 (and 4) is different, and broader, consistent with the parties' intention to be through with each other once and for all. So construed, Hallco makes no serious argument that Roach is not a covered entity; nor is there any dispute that Quaeck was an employee of Roach, and was also being paid by Snellman through another of his entities, Western Services. This makes him a Snellman agent. Both are, therefore, released along with Snellman.
 
 III
 
 5
 Hallco maintains that the phrase "unknown claims" is ambiguous and that the release of "unknown" claims in paragraph 1 is defined and limited in paragraph 3 to only those claims that were unknown to both Hallco and the Hallstroms on the one hand, and Snellman on the other. At the least, Hallco submits, its proffered interpretation is reasonable and a question of fact concerning the parties' intent is raised.
 
 
 6
 We disagree, as the only reasonable interpretation of paragraphs 1 and 2 in which respectively the Hallstroms and Hallco release Snellman, and Snellman releases the Hallstroms and Hallco, is that each side discharges the other from claims which that side does not know about, even if the other side did. Paragraph 3 does not undo the breadth of this release, as there the parties waive any right they may have in the future under "any law which in substance provides that a general release does not extend to claims which the releasor does not know exists." This reference to a singular "releasor" indicates that the parties understood that each was waiving claims then unknown to it, without regard to what the other party might know.
 
 
 7
 Because the contract is not ambiguous, there is no need to resort to extrinsic evidence.
 
 IV
 
 8
 We decline to consider Hallco's argument that the release does not cover its patent-based claims since it was not raised in its opening brief. In re Estate of Ferdinand E. Marcos Human Rights Litigation, 978 F.2d 493, 495 n. 2 (9th Cir.1992).[2]
 
 
 9
 AFFIRMED.
 
 
 10
 Reinhardt, Circuit Judge, concurring and dissenting:
 
 
 11
 I concur in all but Section II of the majority disposition. Section II renders the "majority interest" requirement of paragraph one of the release meaningless. I do not believe that the form language of paragraph three of the release was intended to override that requirement; paragraph three can reasonably be interpreted far more narrowly. If Roach is excluded under paragraph one (and the majority acknowledges that there is a genuine issue of fact on that point), it simply cannot be covered under paragraph three. As to Quaeck, for the same reason Roach is not covered by paragraph three, Quaeck is not covered as an employee of Roach. The fact that Quaeck's Roach salary was supplemented by a check from "another Snellman entity" has no consequence for purposes of the agreement before us. Thus, I would reverse as to both Roach and Quaeck.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 The district court did not enter judgment with respect to HMC Sales because on August 4, 1995, HMC filed for bankruptcy under Chapter 7 and did not join in the summary judgment motion pursuant to the automatic stay provided by 11 U.S.C. § 362. Our disposition, like the district court's, does not apply to HMC Sales
 
 
 [2]
 We also have no need to address Hallco's claim in reply that the Snellman improperly included witness statements in the excerpts of record, as they are in any event immaterial to our disposition